IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ LARNELL MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1206-NJR |
| | ) |
| IDOC, JOHN BALDWIN, JACQUELINE LASHBROOK, DAVE WHITE, WEXFORD HEALTH SOURCES, INCORPORATED, DR. SIDDIQUI, LT. TROKEY, LT. KOEHN, SGT. MACURIA, SGT. ROWES, C/O BURSHUR, JOHN DOE #1, and JOHN DOE #2, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cortez Larnell Moore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Menard Correctional Center ("Menard"). In the Complaint, Plaintiff alleges the defendants used excessive force, failed to protect him from said force, and failed to provide him with adequate medical care. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: On June 14, 2017, while on the yard at Menard, Lieutenant Trokey used excessive force against Plaintiff. He placed Plaintiff in handcuffs, cutting off his circulation, and physically and verbally assaulted him (*Id*. at pp. 9-13). Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 were present during the assault but failed to intervene (*Id*. at p. 13). Lieutenant Trokey assaulted Plaintiff in retaliation for Plaintiff handing him a grievance when Plaintiff entered the yard (*Id*. at pp. 8-9, 12). He returned to his cell but was not able to receive any medical attention because Trokey was still present in the cellhouse (*Id*. at pp. 13-14).

Plaintiff continued to seek medical attention once he returned to his cell. He informed the gallery officer that he needed medical attention for his injuries, including a possible concussion (*Id*. at p. 15). The officer contacted Sergeant Rowe who told Plaintiff he would get him some aspirin, but Rowes did not provide him with any medication or take him to the infirmary (*Id*.). He put in several sick call requests but did not see Dr. Siddiqui until July 28, 2017 (*Id*. at p. 16). Dr. Siddiqui informed Plaintiff that he was not seen in the healthcare unit, despite submitting multiple sick call slips, because Menard was understaffed and did not have enough doctors (*Id*. at pp. 16-17). Dr. Siddiqui stated that Plaintiff seemed fine; he provided Plaintiff with Ibuprofen but did not submit Plaintiff for an MRI or prescribe any additional medications to help with the pain (*Id*. at p. 17). The Ibuprofen did nothing for Plaintiff's pain. Although Plaintiff asked for an MRI, Dr. Siddiqui informed him that Wexford would not approve an MRI for his injuries. Dr. Siddiqui

never followed up with Plaintiff despite Plaintiff continuing to put in more sick call requests (*Id*.). Plaintiff alleges that Wexford, John Baldwin, and Jacqueline Lashbrook have an unwritten policy of understaffing the healthcare unit which causes delays in care. Wexford also has a policy of refusing outside treatment including MRIs. Baldwin and Lashbrook also have a policy of cancelling medical passes which delayed Plaintiff's care.

On June 14, 2017, Plaintiff filed two emergency grievances to both Lashbrook and Baldwin. Lashbrook, Baldwin, Lieutenant Koehn, and Trokey interfered with the grievance process making it difficult for Plaintiff to exhaust his administrative remedies. Baldwin, Lashbrook, and Dave White also failed to follow the grievance guidelines by deeming grievances filed outside of the time frame (*Id*.at pp. 19-20). Plaintiff also previously informed Lashbrook and Baldwin that he was afraid for his life but they failed to transfer him to another prison.

## **Preliminary Dismissals**

To the extent that IDOC is listed as a party in Plaintiff's caption, it is not a proper party. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Based on this authority, IDOC is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Plaintiff also alleges that Lashbrook, Baldwin, and Dave White failed to properly address his grievances and that Lashbrook, Baldwin, Lieutenant Koehn, and Trokey interfered with his grievances making it difficult to exhaust his administrative remedies and pursue his claims in court.

The mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, there is no protected due process right in the grievance process. *Owens*, 635 F.3d at 953-54; *George*, 507 F.3d at 609. To the extent that Plaintiff alleges the defendants' actions have interfered with his access to the courts, he also fails to state a claim. The unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). Thus, Plaintiff fails to allege that any of the defendants' actions hampered his access to the courts.

Further, to the extent Plaintiff alleges that Lashbrook and Baldwin are liable for failing to properly supervise the other defendants, Section 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). He also fails to allege a failure to protect claim against Lashbrook and Baldwin. Although he alleges that he informed Lashbrook and Baldwin that he feared for his safety and sought a transfer, nothing in the Complaint indicates that they were aware of the specific threat posed by Lieutenant Trokey.

### **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following five counts:

**Count 1:** **Lieutenant Trokey used excessive force against Plaintiff in violation of the Eighth Amendment.**

**Count 2:** **Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 failed to intervene to stop Lieutenant Trokey's use of force in violation of the Eighth Amendment.**

4

> **Count 3:** Lieutenant Trokey Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 retaliated against Plaintiff in violation of the First Amendment because Plaintiff submitted grievances.
>
> **Count 4:** Lieutenant Trokey, Sergeant Rowes, and Dr. Siddiqui were deliberately indifferent to Plaintiff's need for medical treatment in violation of the Eighth Amendment.
>
> **Count 5:** John Baldwin, Jacqueline Lashbrook, and Wexford had unconstitutional policies of understaffing the healthcare unit, refusing outside care, and cancelling call passes which were in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

At this stage, the allegations in the Complaint state a viable claim for excessive force against Trokey. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## Count 2

Plaintiff also states a viable claim against Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 for failing intervene to stop Trokey's use of force. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

## Count 3

Plaintiff also states a viable claim for retaliation against Defendants Trokey, Macuria, Burshur, John Doe #1, and John Doe #2. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir.

---

[1] This includes Plaintiff's intentional infliction of emotional distress claim as he includes no more than conclusory statements. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

**Count 4**

The allegations in the Complaint also state a viable claim for deliberate indifference against Lieutenant Trokey, Sergeant Rowes, and Dr. Siddiqui. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

**Count 5**

Plaintiff also states a claim against Wexford, John Baldwin, and Jacqueline Lashbrook for unconstitutional policies. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (finding under 42 U.S.C. § 1983 that allegations that agency's most senior officials were personally "responsible for creating the policies, practices and customs that caused the constitutional deprivations . . . suffice at this stage in the litigation to demonstrate . . . personal involvement in [the] purported unconstitutional conduct"); *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014).

**<u>John Doe Defendants</u>**

Frank Lawrence, as the current warden of Menard, will be added to the docket (in his official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motions**

As to Plaintiff's motion for counsel (Doc. 4), Plaintiff states that he has written a number of attorneys that have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 4) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons set forth above, Count 1 shall proceed against Trokey. Count 2 shall proceed against Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2. Count 3 shall proceed against Trokey, Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2. Count 4 shall proceed against Lieutenant Trokey, Sergeant Rowes, and Dr. Siddiqui. Count 5 shall proceed against Wexford, John Baldwin, and Jacqueline Lashbrook. IDOC, Lieutenant Koehn, and Dave White are **DISMISSED without prejudice** and the Clerk is **DIRECTED** to **TERMINATE** them from the docket. The Clerk is **DIRECTED** to **ADD** Frank Lawrence (official capacity only) to the docket for purposes of identifying the John Does.

The Clerk of Court shall prepare for Defendants Frank Lawrence (official capacity only), John Baldwin, Jacqueline Lashbrook, Wexford Health Sources Incorporated, Dr. Siddiqui, Lieutenant Trokey, Sergeant Macuria, Sergeant Rowes, and C/O Burshur: (1) Form 5 (Notice of a

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff's motion for service of process (Doc. 3) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Frank Lawrence is only in the case for purposes of identifying the John Does, he does not need to file an Answer. Further instructions on identifying the John Does will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/15/2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**