**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CORTEZ LARNELL MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:19 -CV-01206 -MAB** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Plaintiff Cortez Larnell Moore, an inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on November 4, 2019 (Doc. 1). In his complaint, Plaintiff alleges that Defendants used excessive force, failed to protect him from said force, and failed to provide him with adequate medical care (Doc. 15).

After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

**Count 1:** Lieutenant Trokey used excessive force against Plaintiff in violation of the Eighth Amendment; and

**Count 2:** Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 failed to intervene to stop Lieutenant Trokey's use of force in violation of the Eighth Amendment; and

**Count 3:** Lieutenant Trokey, Sergeant Macuria, C/O Burshur, John Doe #1, and John Doe #2 retaliated against Plaintiff in violation of the First Amendment because Plaintiff submitted grievances; and

**Count 4:** Lieutenant Trokey, Sergeant Rowes, and Dr. Siddiqui were deliberately indifferent to Plaintiff's need for medical treatment in violation of the Eighth Amendment; and

**Count 5:** John Baldwin, Jacqueline Lashbrook, and Wexford had unconstitutional policies of understaffing the healthcare unit, refusing outside care, and cancelling call passes which were in violation of the Eighth Amendment.

(Doc. 15).

On June 11, 2020, Defendants Wexford Health Sources and Mohammed Siddiqui filed a motion for summary judgment (Docs. 47, 48). Wexford and Dr. Siddiqui also filed their notice on the docket informing Plaintiff of Fed. R. Civ. P. 56 and the consequences of failing to respond (Doc. 49). Plaintiff's response was due by July 16, 2020. Soon after, on July 1, 2020, Defendants Baldwin, Burshur, Lashbrook, Lawrence, Macuria, Rose, and Trokey also filed a motion for summary judgment (Docs. 51, 52). The Court issued a Notice and Order informing Plaintiff of the pertinent parts of Rule 56 and the consequences of failing to respond (Doc. 53). Plaintiff's response was due on or before August 3, 2020. Plaintiff has not responded to either motion for summary judgment.

On August 19, 2020, the Court ordered Plaintiff to show cause, in writing, by September 17, 2020 as to why his case should not be dismissed for failure to prosecute.

*See* FED. R. CIV. P. 41(b). Plaintiff was also explicitly warned that if he failed to respond to this Order or file a response to Defendants' motions for summary judgment, the case would be dismissed (Doc. 56). To date, Plaintiff has not filed anything with the Court in response to this Order or Defendants' motions for summary judgment.

<u>ANALYSIS</u>

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed to respond to Defendants' motions for summary judgment. He failed to do so by the deadline despite being warned of the consequences. The Court noted that instead of responding to the Court's Show Cause Order, Plaintiff could simply file a response to the summary judgment motion (Doc. 56). The Court has reviewed the docket and as best the Court can tell, Plaintiff last communicated with the Court on or around May 25, 2020

when he submitted his signed consent form to have a Magistrate Judge conduct the proceedings (Doc. 46). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss a case for failure to prosecute or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motions for summary judgment (Doc. 47, 51) are rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP.

P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–

20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: September 24, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**