IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ LARNELL MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-01206-MAB |
| | ) |
| **JOHN BALDWIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Bill of Costs filed by Defendants Dr. Mohammed Siddiqui and Wexford Health Sources (Doc. 171) and Plaintiff's objections thereto (Doc. 175). For the reasons explained below, Plaintiff's objections are OVERRULED IN PART and Defendants are awarded a reduced portion of their requested costs.

Plaintiff Cortez Moore filed this lawsuit action pursuant to 42 U.S.C. § 1983 on November 4, 2019, for alleged deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center (Docs. 1, 15). Plaintiff was deposed on December 13, 2021 (*see* Doc. 120-1). Thereafter, Plaintiff's motion for recruitment of counsel was granted by the Court on February 22, 2022 (Doc. 88), and Plaintiff's counsel entered their appearances on May 9, 2022 (Doc. 105) and July 21, 2022 (Doc. 112).

Dr. Shah, a nonparty, was deposed on September 20, 2022 (Doc. 120-7). Meanwhile, in compliance with the Court's Order granting Plaintiff leave to depose Dr.

Siddiqui for a set amount of time (Doc. 130), Plaintiff deposed Dr. Siddiqui on December 8, 2022 (*see* Doc. 141-1). Thereafter, Plaintiff and the Defendants represented by the Illinois Attorney General reached a settlement agreement, as reflected in the Court's Order dated October 4, 2023 (Doc. 151).

Plaintiff and Defendants Wexford and Dr. Siddiqui (hereinafter "Defendants") continued to litigate this matter. Accordingly, on October 25, 2023, Defendants filed a Motion for Summary Judgment (Doc. 152) and supporting memorandum (Doc. 153). In addition to filing a response in opposition (Doc. 156), Plaintiff filed a notice of voluntary dismissal that sought to voluntarily dismiss Dr. Siddiqui (Doc. 157). Ultimately, Dr. Siddiqui was dismissed with prejudice on January 3, 2024 (Doc. 164), and Wexford's motion for summary judgment was granted on April 10, 2024, thereby closing this case (Docs. 169, 170).

Defendants filed the instant Bill of Costs on June 7, 2024, seeking a total of $2,035.46 for the costs associated with Plaintiff's, Dr. Shah's, and Dr. Siddiqui's depositions (Doc. 171). In their motion, Defendants specifically requested that these costs be assessed against Plaintiff's Court-appointed counsel (Doc. 171 at p. 4). Defendants subsequently filed a Motion for Sanctions (Doc. 172), which similarly requested Plaintiff's Court-appointed counsel be sanctioned for numerous costs incurred by Defendants (Doc. 172). On June 24, 2024, Plaintiff's Court-appointed counsel filed objections to Defendants' Bill of Costs (Doc. 175). Plaintiff's objections note that Plaintiff is currently incarcerated, he was granted indigent status when this case was filed, and he was appointed counsel because of his indigency (Doc. 175 at p. 2). Plaintiff's objections also challenge several of

the specific costs Defendants seek to recover, as well as Defendants' request that these costs be imposed against Plaintiff's Court-appointed counsel (Doc. 175 at pp. 2-6). Plaintiff asks the Court to sustain his objections and deny Defendants their costs, or in the alternative, reduce them to only award properly taxable costs (Doc. 175 at p. 6).

## DISCUSSION

### I. Standards Regarding Awarding Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks*, 126 F.3d at 945.

The presumption that costs are to be awarded to the prevailing party can be overcome by a showing of indigency. *Rivera*, 469 F.3d at 634 (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Weeks*, 126 F.3d at 945. However, indigence

"does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). If the indigent party makes such a showing, then the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

## II. Analysis of Defendants' Requested Costs

Here, Defendants seek to recover their costs associated with Plaintiff's, Dr. Shah's, and Dr. Siddiqui's depositions (Doc. 171). In response, Plaintiff argues that several of Defendants' claimed costs are not taxable costs and should be reduced accordingly (Doc. 175 at p. 3). Specifically, Plaintiff challenges certain costs Defendants seek including, "attorney remote attendance/videoconference," "e-delivery" and deposition handling fees, and various other appearance and handling fees (Doc. 175 at p. 3).

Pursuant to 28 U.S.C.A. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In interpreting this provision, the Seventh Circuit has held that costs associated with depositions, copies, subpoenas, and delivery services are all authorized by § 1920. *See, e.g.*, *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008) (the district court was authorized to award the prevailing party costs of both video-recording and stenographically transcribing the same deposition). Conversely, attorneys' fees and other expenses such as "computerized research charges" are not recoverable under § 1920. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1130 (7th Cir. 2023).

The first portion of the costs sought by Defendants relates to Dr. Siddiqui's deposition and amounts to $430.15, including: $282.75 for preparing an 87-page transcript, $40.00 for a litigation package, $100.00 for "attorney remote attendance/videoconference," $1.40 for exhibits, and $6.36 for finance charges/debits (Doc. 171-1 at pp. 5-6). Of these fees, the Court believes the transcript and exhibits may be properly awarded to Defendants. 28 U.S.C.A. § 1920(2). However, the Court agrees with Plaintiff that the $100 fee for "attorney remote attendance/videoconference" is not

recoverable. *See Cunningham v. Jenkins*, 17-CV-126-RJD, 2022 WL 1555373, at *2 (S.D. Ill. May 17, 2022) ("The Court also finds a charge of $100.00 for 'attorney remote attendance/videoconference' is not recoverable in this instance as Defendants have not set forth why remote attendance was necessary or warranted."). Similarly, the Court declines to award $40 for the cost of a litigation package because Defendants have not provided any explanation as to what constitutes a "litigation package" or why that service was necessary. *See, e.g.*, *Decker v. Receivables Performance Mgmt., LLC*, 17 CV 4152, 2020 WL 13610564, at *2 (N.D. Ill. Jan. 30, 2020) ("I also decline to tax expedited rates for deposition transcripts and for a 'litigation package' associated with one of the deposition transcripts because Receivables has not explained why those services were necessary."). Likewise, the Court finds that the $6.36 cost for finance charges/debits is not recoverable "because that charge was not 'necessary' to litigating this case." *Bonds v. Hollywood Casino & Hotel*, 1:22-CV-02279-JPH-TAB, 2024 WL 4680364, at *2 (S.D. Ind. Nov. 5, 2024) (reducing requested costs so as to not include finance charges for a past due invoice). Accordingly, the costs that may be properly awarded to Defendants related to Dr. Siddiqui's deposition amount to $284.15.

The second portion of the costs sought by Defendants relates to Dr. Shah's deposition and amounts to $564.75, including: $420.90 for a 138-page transcript copy, $30.00 for E-Delivery, $10.00 for handling, $100 for "attorney remote attendance/videoconference," and $3.85 for exhibits (Doc. 171-1 at p. 7). Here, the Court again finds that the costs for preparing the 138-page transcript and exhibits may be properly taxed. 28 U.S.C.A. § 1920(2). Conversely, the Court finds the $100 fee for

"attorney remote attendance/videoconference" may not be awarded. *See Cunningham*, 2022 WL 1555373 at *2. Additionally, the costs for "E-Delivery" and "Handling" are not recoverable. *See Diaz v. Blanchard*, No. 18-CV-1426-RJD, 2023 WL 4303515, at *2 (S.D. Ill. June 30, 2023) ("However, costs for electronic copies or 'e-transcripts' are not recoverable, nor are delivery or handling costs."). Therefore, the costs that may be properly awarded related to Dr. Shah's deposition amount to $424.75.

The third and final portion of the costs sought by Defendants relates to Plaintiff's deposition and amounts to $1,040.20, including: $175 for "RemoteDepo (Virtual Room)," $95.00 for "Appearance Fee – First 2 Hours," $100 for "Appearance – Additional [2] Hours," $575.10 for a 162-page transcript, $57.60 for "Remote Proceeding Pages," and $37.50 for transcript handling and processing (Doc. 171-1 at p. 8). Of these costs, the Court finds that the $575.10 cost for a 162-page transcript is reasonable and authorized under § 1920. However, the costs associated with reporter appearance fees and "RemoteDepo (Virtual Room)," when viewed in combination with the $575.10 transcript cost, creates a novel issue. Namely, the Court is concerned that were all these costs allowed to be taxed for the preparation of the same transcript, this would amount to a cost of approximately $5.83 per transcript page.[1] While there may not be a Local Rule in this District that specifically prohibits such a high cost per transcript page, the Court notes that this rate substantially exceeds the rates prescribed by SDIL Administrative Order No. 363 and the

---

[1] RemoteDepo fee of $175.00 + appearance fees totaling $195 + original transcript cost of 575.10 = $945.10. Dividing $945.10 by 162 pages = $5.83 per page.

associated Judicial Conference rates.[2] For this reason, with no local rule either permitting or prohibiting these costs that are in addition to the transcript per page costs, the undersigned elects to split the difference. Accordingly, Defendants are awarded their costs for both reporter appearance fees totaling $195.00. *See Diaz*, 2023 WL 4303515 at *2 ("Defendants may recover the reporter appearance fee in the amount of $120.00 for the deposition[.]"). However, the Court declines to award Defendants the $175.00 cost for the "RemoteDepo (Virtual Room)."[3] Furthermore, the Court again finds the $37.50 cost for transcript handling and processing is not a recoverable cost. *See Id.* In addition, "Defendants are also not entitled to recover costs of $[57.60] for 'Remote Proceeding

---

[2] Administrative Order No. 363 provides that the Southern District of Illinois adopts the transcript and transcript copy rates that were approved by the Judicial Conference of the United States Courts. Those rates increased the ordinary transcript fee rate from $3.65 per page, to $4.00 per page for fiscal year 2024, and to $4.40 per page for fiscal year 2025. However, it is not clear that those rates apply in this situation. For instance, Northern District of Illinois Local Rule 54.1(b) specifically provides that:

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. Court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court.

Consequently, numerous cases in the Northern District have held that "a court reporter's appearance fee 'may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed [the Judicial Conference rate].'" *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 978 (N.D. Ill. 2010); *see also Doe v. Loyola Univ. Chicago*, 18-CV-7335, 2023 WL 3074676, at *7 (N.D. Ill. Apr. 25, 2023).

Yet, "[t]here is no such Local Rule in this District, and Plaintiff has failed to provide authority that the undersigned must limit the rate without a rule dictating the same." *Diaz v. Blanchard*, No. 18-CV-1426-RJD, 2023 WL 4303515, at *2 (S.D. Ill. June 30, 2023). As such, it appears the Court has the discretion to decide what rate appears appropriate and whether to follow the rates provided in Admin. Order No. 363. *See Moultrie v. Penn Aluminum Int'l, LLC*, 311CV00500DRHPMF, 2014 WL 87830, at *2 (S.D. Ill. Jan. 9, 2014) ("The undersigned will adopt the Northern District's framework requiring that the costs of copies not exceed the Judicial Conference's maximum regular rate.").

[3] The Court believes this outcome is particularly fair considering Defendants' failure to explain what constitutes a RemoteDepo (Virtual Room) and why this cost was both necessary and reasonable.

Pages'" because "costs for electronic copies or 'e-transcripts' are not recoverable." *Id.* Thus, the costs related to Plaintiff's deposition that the Court awards amounts to a total of $770.10. Ultimately, this means the total costs Defendants may be properly awarded amounts to be $1,479.00.

"[I]n addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Here, it does not appear that Plaintiff's counsel has challenged the reasonableness and necessity of the costs associated with conducting the depositions of Plaintiff, Dr. Shah, and Dr. Siddiqui. However, even if Plaintiff's counsel had raised such an objection, the costs associated with all three depositions were reasonable and necessary to this litigation. They were reasonably necessary at the time they occurred, relied upon by both the parties and the Court at various stages of the proceedings, and in Dr. Siddiqui's case, authorized by the Court (Doc. 130). *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court.").

The Court next considers whether the costs assessed against Plaintiff should be reduced due to Plaintiff's indigency. *See Rivera*, 469 F.3d at 635. Plaintiff was permitted to proceed in forma pauperis when this action commenced in 2019 (Doc. 6). Additionally, Plaintiff has remained incarcerated throughout the course of this litigation and is not projected to be paroled until 2064. *See* IDOC Inmate Locator, available at https://idoc.illinois.gov/offender/inmatesearch.html (last visited Dec. 23, 2024).

However, Plaintiff's Objection to Defendants' Bill of Costs did not include any documentation regarding his income or expenses at the time the Bill of Costs was filed (*see* Doc. 175). Nor does it include any information about his current trust fund balance (*Id.*). While the Court recognizes that Plaintiff was granted indigent status when the case was filed, that was in November of 2019, over five years ago and the Court is without any meaningful information to assess Plaintiff's current ability to pay. As the Seventh Circuit has explained, Plaintiff bore the burden of providing sufficient documentation to demonstrate that he is incapable of paying court-imposed costs at *this time* or in the future. *See Rivera*, 469 F.3d at 635. Without providing any documentation, such as "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses," Plaintiff has failed to meet his burden. *Id.* Consequently, the Court is unable to conclude that Plaintiff is incapable of paying Defendants' costs at the time they were sought in June 2024.[4]

For these reasons, Plaintiff's Objection to Defendants' Bill of Costs is OVERRULED IN PART, and Defendants are awarded a reduced amount of costs in the amount of $1,479.00.

---

[4] As this District Court has previously explained, the Court need not consider the other factors described in *Rivera* if the non-prevailing party fails to first meet its burden of demonstrating an inability to pay. *See Merritte v. Ingram*, No. 11-CV-0871-SCW, 2015 WL 6755305, at *2 (S.D. Ill. Nov. 3, 2015). Thus, while the Court believes Plaintiff and his Court-appointed counsel have litigated this action in good faith, the Court will not reduce the amount Plaintiff owes based upon these factors because Plaintiff has failed to provide any evidence of his inability to pay. *See Lange*, 28 F.4th at 846 (Only proceeding to the second prong of *Rivera* because "Lange satisfactorily demonstrated her indigent status[.]").

### III. Defendants' Request to Assess Costs Against Plaintiff's Counsel

Finally, the Court DENIES Defendants' request for costs to be assessed against Plaintiff's Court-appointed counsel. For the reasons discussed at length in the Court's Order denying Defendants' Motion for Sanctions, the Court finds that Plaintiff's counsel did not continue to prosecute this matter with no good faith basis in fact or law (*see* Doc. 180). The Court also finds Defendants' request to assess Plaintiff's deposition costs against his counsel to be improper because counsel was not even appointed to represent Plaintiff until several months later (*see* Docs. 104, 120-1). Likewise, the Court rejects Defendants' request to assess Dr. Siddiqui's deposition costs against Plaintiff's counsel because the Court specifically granted Plaintiff and his counsel leave to conduct that deposition (Doc. 130). As such, the Court finds Defendants' claim that these costs were incurred without a good faith basis in fact or law to be contradicted by the record. Lastly, regarding Dr. Shah's deposition, Defendants have argued that these costs were unnecessarily incurred, but at the same time have repeatedly relied upon Dr. Shah's deposition testimony to argue that he was the doctor who Plaintiff's claim could have been properly raised against. The Court is therefore not persuaded that Dr. Shah's deposition was unnecessary. For these reasons, and those discussed at length in the Court's Order denying Defendants' Motion for Sanctions, the Court declines to assess these costs against Plaintiff's Court-appointed counsel.

For the reasons discussed above, Plaintiff's Objection to Defendants' Bill of Costs is OVERRULED in part, and Defendants are awarded reduced costs in the amount of

$1,479.00. Defendants' request that these costs be assessed against Plaintiff's Court-appointed counsel is DENIED.

## CONCLUSION

The Court **OVERRULES in part** Plaintiff's objection to Defendants' Bill of Costs and **ORDERS** a reduced award of costs in the amount of $1,479.00 for Defendants Dr. Siddiqui and Wexford. The Clerk of Court shall tax costs in these amounts against Plaintiff.

**IT IS SO ORDERED.**

**DATED: January 15, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**