IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ LARNELL MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-01206-MAB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Defendants Mohammed Siddiqui, M.D., and Wexford Health Sources' Motion to Reconsider the Court's Ruling Denying Defendants' Motion for Sanctions (Doc. 183). Plaintiff's Court-appointed counsel filed a response in opposition (Doc. 184). Defendants did not file a reply. Defendants ask this Court to set this matter for a hearing and allow oral argument on Defendants' Motion to Reconsider the Court's decision declining to impose Rule 11 sanctions (*see* Doc. 183). After carefully reviewing the papers, the Court does not believe that oral argument is necessary or warranted here. The instant motion can be decided on the papers. For the reasons explained below, Defendants' Motion to Reconsider (Doc. 183) is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff Cortez Moore filed this action pursuant to 42 U.S.C. § 1983 on November 4, 2019, for alleged deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center (Docs. 1, 15). The Court conducted a threshold review pursuant to 28 U.S.C. § 1915A and, as it relates to Defendants Wexford and Dr. Siddiqui, Plaintiff was permitted to proceed on the following claims:

> **Count 4:** Lieutenant Trokey, Sergeant Rowes, and Dr. Siddiqui were deliberately indifferent to Plaintiff's need for medical treatment in violation of the Eighth Amendment;
>
> **Count 5:** John Baldwin, Jacqueline Lashbrook, and Wexford had unconstitutional policies of understaffing the healthcare unit, refusing outside care, and cancelling call passes which were in violation of the Eighth Amendment (Doc. 15 at pp. 4-5).

On June 11, 2020, Defendants Wexford and Dr. Siddiqui filed a motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, along with a supporting memorandum and exhibits (Docs. 47, 48). In that exhaustion-based summary judgment motion, Defendants argued that a "review of the evidence shows that Dr. Siddiqui was not the treating doctor that is the subject of this grievance." (Doc. 48 at pp. 10, 15). The Court denied Defendants' motion on January 29, 2021 (Doc. 69). Pertinently, the Court's Order also explained that:

> Part of the issue, and perhaps at the heart of the Wexford Defendants' argument, is that it appears that Defendant Siddiqui was possibly not the medical professional who saw Plaintiff for his injuries (*See* Docs. 48-4, 48-5,

---

[1] For a more detailed recollection of Plaintiff's claims and the background in this case, see the Court's prior Orders including: (1) the Order denying Defendants' exhaustion-based summary judgment motions (Doc. 69); (2) the Order denying Defendants' motion for judgment on the pleadings and denying Plaintiff's motion for leave to file first amended complaint (Doc. 143); (3) the Order granting Defendants' motion for summary judgment (Doc. 169); and (4) the Order denying Defendants' motion for sanctions (Doc. 180).

48-6). While the Wexford Defendants' exhibits support this argument, these are merits-based arguments more suited for a merits-based motion for summary judgment and not appropriately before the Court on the issue of exhaustion (Doc. 69 at p. 24).

On January 29, 2021, a final scheduling order was entered and this case proceeded to discovery on the merits (Doc. 70). Thereafter, the Court granted Plaintiff's motion for recruitment of counsel and appointed him counsel (Docs. 87, 88).[2]

Shortly after Plaintiff's Court-appointed counsel entered their appearances, Defendants contacted Plaintiff's counsel to request Plaintiff dismiss Dr. Siddiqui because they believed he was wrongfully identified (*see, e.g.*, Doc. 172 at pp. 4-6). However, Plaintiff's counsel did not immediately acquiesce to Defendants' request and instead, counsel investigated the merits of Plaintiff's claims against Dr. Siddiqui (*see* Doc. 130).

Finally, in accordance with the Court's Order (Doc. 137), Plaintiff filed a Motion for Leave to File First Amended Complaint on February 9, 2023 (Doc. 140). Notably, that motion indicated that Plaintiff's amended complaint would dismiss Dr. Siddiqui (Doc. 140 at p. 1). However, the Court ultimately denied Plaintiff's motion for leave to amend because Plaintiff failed to establish good cause for amending the complaint at such a late stage of proceedings (Doc. 143 at pp. 16-17). Regarding Dr. Siddiqui's potential dismissal, the Court stated, "[s]ince the Court has declined to grant Plaintiff leave to file the proposed amended complaint and in order to effectuate the dismissal of Defendant Siddiqui, Plaintiff *may* file a motion to voluntarily dismiss Defendant Siddiqui[.]" (Doc.

---

[2] Attorney Ryan A. Keane appeared on behalf of Plaintiff on May 9, 2022 (Doc. 105), and Attorney Tanner A. Kirksey appeared on behalf of Plaintiff on July 21, 2022 (Doc. 112).

143 at p. 18, fn. 6) (emphasis added).

On October 25, 2023, Defendants filed a Motion for Summary Judgment, along with a supporting memorandum and exhibits (Docs. 152, 153). On December 8, 2023, Plaintiff filed a response to Defendants' Motion for Summary Judgment (Doc. 156) and a Notice of Voluntary Dismissal, which sought the dismissal of Dr. Siddiqui without prejudice (Doc. 157). Ultimately, however, the Court dismissed Dr. Siddiqui with prejudice because of his prolonged involvement in the case (*see* Docs. 158, 164). Several months later, on May 10, 2024, the Court granted Defendants' Motion for Summary Judgment and dismissed this case with prejudice (Docs. 169, 170). Thereafter, on June 7, 2024, Defendants filed a Bill of Costs (Doc. 171) and Motion for Sanctions (Doc. 172).

On January 15, 2025, the Court denied Defendants' Motion for Sanctions (Doc. 180) and overruled in part Plaintiff's objections to Defendants' Bill of Costs (Doc. 181). Several weeks later, on February 10, 2025, Defendants filed the instant Motion to Reconsider (Doc. 183). Plaintiff's Court-appointed counsel filed a response in opposition two weeks later (Doc. 184). Defendants did not file a reply in support.

## ANALYSIS

Defendants' Motion to Reconsider contends that under either Federal Rule of Civil Procedure 54(b) or 59(e), the Court should reconsider its prior Order denying their motion for sanctions because that Order contained manifest errors of fact or law (Doc. 183 at pp. 2-3; *see also* Doc. 180). More specifically, Defendants aver that the Court misconstrued their arguments, unfairly shifted the burden related to moving for sanctions onto Defendants, and failed to address several of their other arguments (Doc.

183 at pp. 3-8). Defendants also express their "grave concerns" about how the Court's discretionary "ruling could be utilized outside this case to justify prosecuting frivolous claims." (Doc. 183 at p. 7). In response, Plaintiff's Court-appointed counsel argues that Defendants' Motion to Reconsider is untimely and impermissibly seeks to rehash arguments addressed by the Court in its prior Order (*see generally* Doc. 184).

I. <u>Rules 59(e) and 54(b)</u>

"A 'motion to reconsider' does not exist under the Federal Rules of Civil Procedure. Thus, a motion that seeks to challenge the merits of a ruling by a district court will automatically be considered as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *Scott v. Bender*, 948 F. Supp. 2d 859, 864 (N.D. Ill. 2013) (internal quotation marks and citations omitted). Pertinently, a motion made under Rule 59(e) "must be filed no later than ***28 days after the entry of the judgment***." FED. R. CIV. P. 59 (emphasis added). Meanwhile, Rule 54(b) applies to interlocutory orders and provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised ***at any time before the entry of a judgment adjudicating all the claims*** and all the parties' rights and liabilities." FED. R. CIV. P. 54 (emphasis added).

In this case, Judgment was entered on May 10, 2024 (Doc. 170). Tellingly, that Judgment adjudicated all remaining claims and closed this case on the Court's docket (Doc. 170 at pp. 1-2). Consequently, Rule 59(e) does not support Defendants' Motion to Reconsider because Defendants' motion was filed nine months after the entry of

Judgment (*see* Docs. 170, 183). Similarly, because the Court's judgment disposed of all remaining claims and parties, Rule 54(b) is patently inapplicable (*see* Doc. 170; *see also* Doc. 169).

Therefore, Defendants have not identified an appropriate rule allowing for their Motion to Reconsider. *See In re Jung*, 604 B.R. 773, 785-86 (Bankr. W.D. Wis. 2019) ("Reconsideration is the exception, not the rule. It is meant to account for the discovery of new evidence or a change in circumstance warranting a revisiting of the prior decision."); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (Shadur, J.) ("This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). For this reason alone, Defendants' motion to reconsider is DENIED (Doc. 183). Nevertheless, in order to put this motion to rest on the merits, the Court will address Defendants' substantive arguments, which as explained below, are unavailing.

II.  *Defendants' Substantive Arguments*

a.  *Rule 11 and § 1927 Standards, and Standards for Reconsideration*

Pursuant to Rule 11, "a court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("In particular, a frivolous argument or claim is one that is baseless and made without a reasonable and competent inquiry.") (internal quotation marks and citation omitted). As the Seventh Circuit has explained, "[o]ne of the basic purposes of Rule 11 of the Federal Rules of Civil Procedure is 'to deter baseless filings in the district court….'"

*Id.* (quoting *Cooter & Gell v. Hartmarx Corp., et al.*, 496 U.S. 384, 393 (1990)). And crucially, district courts are ***granted discretion*** in deciding whether to impose Rule 11 sanctions. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 866 (7th Cir. 2003) (emphasis added). However, "[i]n ***exercising its discretion***, a district court must also bear in mind that such sanctions are to be ***imposed sparingly***, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." *Id.* at 867 (internal quotation marks and citation omitted) (emphasis added).

Likewise, § 1927 allows for the imposition of costs in certain situations, stating, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similar to Rule 11, a district court's decision to impose or not impose sanctions under § 1927 is reviewed for an abuse of discretion. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004).

Lastly, as it relates to Defendants' request for reconsideration, "[a] party seeking reconsideration bears a heavy burden, and the decision whether to grant a motion to reconsider is a matter squarely within the Court's discretion." *Pruitt v. Pers. Staffing Group, LLC*, 16-CV-5079, 2021 WL 197399, at *1 (N.D. Ill. Jan. 20, 2021) (internal quotation marks and citations omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments[.]" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

### b. *Analysis of Defendants' Substantive Arguments*

Defendants argue the Court committed several errors when denying their motion for sanctions (*see* Doc. 183). While the Court does not believe it necessary to address all of Defendants' contentions because most were addressed in the Court's twenty-one page Order Denying Defendants' Motion for Sanctions (*see* Doc. 180), the Court will briefly address several of Defendants' more serious allegations.

First, Defendants contend that the Court made a manifest error of fact or law by misconstruing their motion as solely arguing sanctions were warranted because Dr. Siddiqui did not treat Plaintiff on July 28, 2017; when their actual argument for sanctions was "not only that Dr. Siddiqui did not treat Plaintiff on July 28, 2017, but also that Dr. Siddiqui 'never treated/saw' Plaintiff, had no 'personal involvement' in his care, and no evidence suggested he was even aware of Plaintiff's complaints." (Doc. 183 at p. 1). This contention lacks merit.

First and foremost, the Court's Order denying Defendants' motion for sanctions explicitly considered and rejected this argument (*see* Doc. 180). More specifically, the Court's Order emphasized that "Plaintiff could have succeeded on his claim against Dr. Siddiqui if the evidence demonstrated that Dr. Siddiqui was deliberately indifferent to Plaintiff's serious medical needs at any point from the date of the alleged assault until at least July 28, 2017." (Doc. 180 at p. 14). The Court's Order then explained that Plaintiff's claim was not frivolous because evidence demonstrated that Dr. Siddiqui worked numerous days in June and July of 2017, including the day of the alleged assault (Doc.

180 at pp. 13-14).³ Consequently, the Court will not belabor this point further—regardless of whether Plaintiff's claim may have survived summary judgment, it was not frivolous and counsel's investigation into that claim was not sanctionable (*see* Doc. 180).

In fact, the Court only considered and rejected the narrower question of whether sanctions were warranted as related to July 28, 2017, after addressing and rejecting Defendants' arguments under the broader timeframe (i.e., by considering Defendants' argument that Dr. Siddiqui "never saw" or "never treated" Plaintiff at any point) (*see* Doc. 180 at p. 15). Ironically, the Court even expressed this point, stating, "[n]evertheless, *even if* the Court assumes that Plaintiff was only proceeding on a narrow claim against Dr. Siddiqui for his alleged inadequate treatment (or lack of treatment) on July 28, 2017, the Court still is not convinced that Defendants have clearly demonstrated the frivolity of that specific claim to the extent that it warrants sanctions." (Doc. 180 at p. 15).

In addition, while the Court did not previously raise this point,⁴ additional

---

³ Defendants' underlying argument appears to be that because Plaintiff did not present evidence sufficient to establish each element of his claim against Dr. Siddiqui, his claim was necessarily frivolous and sanctionable. However, the standard for summary judgment is distinct from the standard for sanctions and "losing a legal challenge or motion, by itself, is not a reason for sanctions." *See Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024).

     Certainly, if Dr. Siddiqui had not worked on the day of the alleged assault or at any other time between the date of the alleged assault and July 28, 2017, then the Court would be more receptive to Defendants' argument. But that is simply not what occurred and some evidence established that Dr. Siddiqui could have been aware of Plaintiff's medical concerns and/or responsible for a portion of the lack of treatment Plaintiff received in the days and weeks following the alleged assault. To require Plaintiff's counsel to dismiss Plaintiff's claim against Dr. Siddiqui simply because Defendants claimed no evidence demonstrated Dr. Siddiqui's personal involvement or knowledge would have been to take away Plaintiff's counsel's ability to diligently investigate Plaintiff's claim and instead require Plaintiff's counsel to dismiss their client's claim based solely upon the contentions of Defendants.

⁴ The Court previously attempted to avoid this analysis because it had not been raised by either party (which makes sense in light of the fact that Plaintiff voluntarily dismissed Dr. Siddiqui and did not respond to his contentions at summary judgment). But, given Defendants' repeated allegations that both Plaintiff and the Court allowed Plaintiff's claim to proceed against Dr. Siddiqui in the absence of any evidence, the Court feels it appropriate to note certain evidence in the record that, when reviewed objectively, contradicts

evidence in the record could have supported Plaintiff's claim that Dr. Siddiqui treated or at least reviewed Plaintiff's medical records in June or July 2017. Again, Dr. Siddiqui worked numerous shifts during June and July 2017 (*see* Doc. 126-1 at p. 1; Doc. 156-9 at p. 2; Doc. 153-2 at p. 10; Doc. 156-10 at p. 3). And notably, a "sick call log" regarding slips received on June 15, 2017, lists Plaintiff's name and cell number, along with his subjective complaint that he had a headache (Doc. 153-1 at p. 19). Under the plan section of that form, "refer" is written and the box for "refer to DR/PA/NP" is also marked with a check box (Doc. 153-1 at p. 19). Pertinently, that sick call log even contains the signature of a reviewing physician, which appears to be that of Dr. Siddiqui (Doc. 153-1 at p. 19). Furthermore, certain aspects of Dr. Siddiqui's deposition testimony raise questions as to his credibility and knowledge.[5] For all these reasons, as well as those discussed in the Court's prior Order, the Court finds Plaintiff's claim against Dr. Siddiqui was not frivolous and does not warrant the imposition of sanctions.[6]

Finally, the Court is not persuaded by Defendants' "grave concerns" as to how the

---

Defendants' contentions and demonstrates that Plaintiff's claim was not groundless. *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) ("The court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.").

[5] For example, Dr. Siddiqui admitted on at least two occasions during his deposition that his affidavit, which was prepared by his lawyer and signed by him, contained inaccuracies (*see* Doc. 153-2 at pp. 24-27) (Dr. Siddiqui stated, "So I think that [the affidavit] is not very accurate… It doesn't read correctly to me. It is not correctly phrased."). Likewise, Dr. Siddiqui stated that he was the doctor on call for emergencies when no other doctors were working during June and July 2017, which may have provided further reason for counsel to inquire into Dr. Siddiqui's potential knowledge and culpability (*see* Doc. 153-2 at p. 14) (Dr. Siddiqui stated, "if there is a doctor working, they are responsible. If there is nobody working, they will call me for emergency.").

[6] To be clear, the Court is not taking any position as to whether Plaintiff's claim against Dr. Siddiqui would have survived summary judgment had it not been voluntarily dismissed by Plaintiff after Plaintiff's counsel completed their investigation. Rather, the Court points out these pieces of evidence to demonstrate that the claim against Dr. Siddiqui was not frivolous.

Court's discretionary ruling may be "utilized outside this case to justify prosecuting frivolous claims." (Doc. 183 at p. 7). Again, Plaintiff's claim against Dr. Siddiqui was not frivolous and sufficient evidence existed to justify Plaintiff's Court-appointed counsel conducting further due-diligence into the validity of that claim, regardless of whether Plaintiff later chose to concede the point and dismiss Dr. Siddiqui. Moreover, even if the Court assumed for argument's sake that Plaintiff's claim against Dr. Siddiqui was frivolous, Defendants' policy argument fails to appreciate the discretionary nature of the Court's ruling, as well as the unique procedural posture of this case; both of which further support the Court's decision to deny Defendants' motion for sanctions (*see* Doc. 104) (assigning Attorney Keane to represent Plaintiff in April 2022).[7] *See, e.g.*, *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 861, fn. 18 (N.D. Ill. 2015) ("The focus in Rule 11 sanctions is on what counsel knew at the time the complaint was filed, not what subsequently was revealed in discovery.").[8]

---

[7] In this regard, the Court reiterates that Defendants were "moving for sanctions against Plaintiff's Court-appointed counsel, not Plaintiff." (Doc. 180 at p. 13). As such, the Court was and is only considering the actions attributable to Plaintiff's Court-appointed counsel. And notably, Plaintiff's Court-appointed counsel did not represent Plaintiff at the time he conducted a pre-suit inquiry and filed the Complaint.

[8] Similarly, the Court rejects Defendants' contentions that the Court impermissibly shifted the burden onto Defendants to demonstrate the frivolity of Plaintiff's claim. Admittedly, there appears to be some disagreement in the Seventh Circuit as to how to allocate the burden of proof between a movant seeking sanctions and a respondent. *Rice v. Nat'l Beverage Corp.* noted this potential conflict, stating:

> Some district courts in the Seventh Circuit have held that the party seeking sanctions has the burden of proof and persuasion; the moving party **"must satisfy the 'high burden of showing that Rule 11 sanctions are warranted.'"** *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015) (quoting *Lundeen v. Minemyer*, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010)). Other district court cases in this circuit use a burden-shifting framework, requiring a *prima facie* showing of sanctionable conduct to shift the burden to the sanction opponent. *See, e.g.*, *Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 840 (N.D. Ind. 1995) (citing *Shrock v. Altru Nurses Registry*, 810 F.2d 658 (7th Cir. 1987)) (other citation omitted).

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Reconsideration is DENIED (Doc. 183).

**IT IS SO ORDERED.**

**DATED: July 10, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

18 CV 7151, 2019 WL 3037094, at *4 (N.D. Ill. July 11, 2019). Moreover, the Court's own research has identified numerous, additional cases that imposed a high burden upon movants seeking Rule 11 sanctions. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015) ("To win on a motion for sanctions, the movant must satisfy the 'high burden of showing that Rule 11 sanctions are warranted.'"); *Great Am. Ins. Co. v. Marubeni Citizen-Cincom, Inc.*, 19-CV-03895, 2020 WL 3058081, at *3 (N.D. Ill. June 9, 2020) (same); *Schartz v. Par.*, 16 C 10736, 2016 WL 7231613, at *4 (N.D. Ill. Dec. 14, 2016) ("Schartz has not shown that Female Health or Female Health's counsel should have concluded that the removal was groundless. Thus, the motion for sanctions is denied."); *Lundeen v. Minemyer*, 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010) ("Mindful of the care and caution with which it must proceed in deciding a Rule 11 motion, the Court finds that Defendant has not met the high burden of showing that Rule 11 sanctions are warranted."); *Nail v. Tarlton*, 1:23-CV-247-GSL-SLC, 2024 WL 3495034, at *4 (N.D. Ind. July 18, 2024) (stating a movant must satisfy the "high burden" of showing sanctions are warranted).

Here, however, this distinction is of no significance because Defendants failed to make a *prima facie* showing of sanctionable conduct and failed to meet their burden as the movant seeking sanctions. As such, the Court has no qualms about any of the language used when finding Defendants did not demonstrate the frivolity of Plaintiff's claim against Dr. Siddiqui. Furthermore, the Court's Order also objectively analyzed the parties' evidence and arguments when finding that Plaintiff's claim was not frivolous. *See Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) ("The court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.").